## HAYDEN v. REYNOLDS.

1. **Contract**: REFUSAL OF PARTY TO PERFORM: RESCISSION.   Where, after a contract has been partly performed, one party refuses to complete the same upon tender of performance by the other, the latter may treat the contract as rescinded.

*Appeal from Benton Circuit Court.*

SATURDAY, JUNE 19.

ACTION to recover the value of a horse.   The plaintiff avers that he entered into a contract with the defendant whereby in consideration of certain notes made by one Tucker, which were to be indorsed by defendant to plaintiff, he agreed to

sell and deliver to defendant two horses and nine and one-half tons of hay; that he delivered one horse and received the notes with the understanding that the same were to be indorsed by defendant, but that the defendant refuses to indorse them. The plaintiff further avers that defendant made false representations concerning the maker; that he has, however, offered to deliver the other horse and the hay upon the defendant's indorsing the notes; that he delivered back the notes to be indorsed, but that the defendant refusing to indorse the notes he refused to receive them and has demanded a return of the horse delivered and a rescission of the contract. The defendant denies that there was any agreement to indorse the notes.

There was a trial by jury, and verdict and judgment were rendered for the plaintiff. The defendant appeals.

*Frank Hormel* and *Nichols & Cooper*, for appellant.

*Clark & Lynch*, for appellee.

ADAMS, CH. J.—The defendant asked an instruction in substance as follows: that if the jury found that the defendant 1. CONTRACT: agreed to indorse the notes when called upon, refusal of party to per- and that the notes were delivered to plaintiff form: rescis- sion. under the agreement by defendant to indorse them subsequently when called upon, and that the plaintiff was willing to retain the notes with defendant's indorsement without reference to the solvency of the maker, and turned over a part of the property to defendant, the plaintiff cannot recover. This instruction the court refused to give, and the refusal is assigned as error.

The defendant's theory is, as we understand it, that under the facts supposed in the instruction the title to the notes must have passed to plaintiff, and the title to the horses and hay must have passed to defendant, and that it was not the plaintiff's right to rescind and recover the value of the horse

Hayden v. Reynolds.

delivered, but at most (if the pleadings admitted it, which they do not), only such damage as he could show that he had sustained by reason of the defendant's failure to indorse the notes as agreed.

There was evidence tending to show that at the time the horse was delivered to defendant and the notes to plaintiff it was not convenient for the defendant to indorse them; that he was in a great hurry and told the plaintiff to bring the notes with him when he delivered the hay, and he would indorse them then; that they parted with that understanding, one horse being retained to haul the hay.

The jury found specially that the defendant agreed that he would indorse the notes when called upon, and that the plaintiff delivered one horse in reliance upon such agreement. They also found that the plaintiff was willing to take the notes with defendant's indorsement without regard to the maker's solvency.

It appears to us that the plaintiff was under no obligation to deliver the other horse and the hay except upon the notes being indorsed to him by the defendant, and that upon an offer to perform upon his part, and a demand that the defendant indorse the notes and refusal by defendant to indorse them, he might declare the contract rescinded and demand back the horse delivered, and recover its value if not returned. If so, the court did not err in refusing the instruction asked.

Several other errors are assigned, but only a portion are argued, and those not argued we deem waived. The case is not very clearly presented by appellant. It is not easy to discover upon what, precisely, he relies. We have examined the case however, as best we could, and have to say that under the findings of the jury it appears that there was no error by which the appellant was prejudiced.

AFFIRMED.